# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS RAY,**

       **Plaintiff,**

**-vs-**                                                                               **Case No. 8:08-cv-335-DAB**

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

       **Defendant.**

_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for disability insurance benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED** for the calculation of benefits.

### *I. BACKGROUND*

#### A. Procedural History

This case has a troubled and troubling procedural history. Plaintiff filed for a period of disability and disability insurance benefits on July 1, 1995. R. 20. He alleged an onset of disability

on May 5, 1994, due to pain in his back, knee, right shoulder, right wrist, diabetes, congestive heart failure, migraine headaches, leukemia, and severe depression R. 79-85, 96-97, 228, 232, 260, 291, 303, 1059-61, 1068-70, 1073-77.  R. 20.  His application was denied initially and upon reconsideration (*see* R. 20, 72), and Plaintiff requested a hearing, which was held on July 11, 1997 (R. 72-109) before Administrative Law Judge Michael S. Maram (hereinafter referred to as "ALJ"). According to other documents in the file, in a decision dated December 19, 1997, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. *See* R. 20. The December 1997 decision is not in the administrative record before the Court.

As the ALJ summarizes (in a subsequent 2006 decision), Plaintiff timely filed a request for review of the December 1997 ALJ decision with the Appeals Council, which was denied on July 20, 1999 (R. 20-reference), and Plaintiff filed suit in the Middle District of Florida, Tampa Division, Case No. 8:99-cv-2013-T-25A.  Plaintiff did not serve notice of the civil action on the Commissioner until nine months later because of a mistake by Plaintiff's counsel[1], and according to the ALJ, the file was lost when it was sent for archiving.[2] *See* R. 47-53 (aff. re: file preparation).  The Commissioner filed a motion for voluntary remand, which the Court granted on August 9, 2000.

*Four years later*, on May 10, 2004, the Appeals Council vacated the December 19, 1997 decision, and remanded the claim to have the ALJ reconstruct the file, to offer the claimant a *de novo* hearing, and to allow the claimant to develop the record. R. 20. The Appeals Council also directed

---

[1]Plaintiff's then-counsel, Scott Orsini, Esq. represented that his newly-hired assistant had failed to process the complaint for service but had informed counsel that it had been done; the oversight did not come to his attention until after the Court issued an order to show cause why the case should not be dismissed for failure to prosecute.  The motion for more time to effectuate service was granted on April 11, 2000.  Case No. 8:99-cv-2013-T-25A, Doc. No. 4.

[2]According to the ALJ:  "Premised on the belief that the claimant was not appealing the matter further, the Appeals Council had directed that the claimant's file be prepared for archiving.  The file was then lost in this process."  R. 20.

the ALJ to consolidate Plaintiff's subsequent application for benefits filed on October 28, 2002 (R.234-36)³ with the remanded claim.

More than eleven years after Plaintiff originally filed his application, and twelve years after he alleges he became disabled⁴, the same ALJ held a second hearing on Plaintiff's applications on November 11, 2006. R. 1049-81. Just ten days later, on November 21, 2006, the ALJ issued his second opinion that Plaintiff was not disabled as defined under the Act through September 30, 1998, Plaintiff's date of last insured. R. 20-28. Plaintiff timely filed a Request for Review of the ALJ's decision, and the Appeals Council denied Plaintiff's request on December 21, 2007. R. 5-8. Plaintiff filed this action for judicial review on February 19, 2008. Doc. No. 1. The case became ripe for review when the Commissioner filed his Memorandum of Law on December 1, 2008. Doc. No. 24. The case was reassigned to the undersigned on January 16, 2009. Doc. Nos. 25, 26.

### B. Medical History and Findings Summary

Plaintiff was born in 1947 (R. 73, 234, 1054) and was forty-six years old as of May 5, 1994, the date he alleged in his original application that his disability began. He was fifty-one years old on September 30, 1998, the date he was last insured for disability benefits. R. 21, 23, Finding 1. He has a high school education and one to one and a half years of college. R. 73, 266. He had experience as a certified dietetic manager. R. 266, 280. Following twenty years in the armed services, he worked in the past as a maintenance supervisor in a school, bowling alley cashier, health department clerk, food service director, and dietetic manager for nursing homes. R. 74-79, 261, 273-79, 284, 1059-60. He resigned from his last job in May 1994. R. 100-01.

---

³Plaintiff filed a subsequent claim for disability on October 28, 2002 (R. 234-36), alleging his disability began December 20, 1997, the day after the ALJ's first decision denying benefits. R. 234. The second application was denied initially and on reconsideration. R. 221-27, 229-31.

⁴The Commissioner's mishandling of this case is discussed at length below.

-3-

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of a lower back injury, arthritis in both knees, three surgeries on his right shoulder, two surgeries on his right wrist, diabetes, congestive heart failure, migraine headaches, leukemia, and severe depression R. 79-85, 96-97, 228, 232, 260, 291, 303, 1059-61, 1068-70, 1073-77.

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from non-insulin-dependent diabetes mellitus, history of right wrist injury status-post multiple surgeries, mild to moderate degenerative disease of the cervical, thoracic, and lumbar spines,

history of right shoulder injury status-post multiple surgeries, chronic headaches, and deep venous thrombosis, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; he found that Plaintiff did not have a severe mental impairment. R. 23-25, Finding 3 & 4. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a range of light work activity. R. 25, Finding 5. In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not entirely credible for the reasons set forth in the body of the decision. R. 26. Based upon Plaintiff's RFC, the ALJ determined that he could perform his past relevant work as a cashier and hospital interviewer as generally and actually performed, and he could perform his past relevant work as a food service director, as actually performed. R. 27-28, Finding 6. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through his date of last insured. R. 28, Finding 7.

Plaintiff now asserts two points of error. First, he argues that the ALJ erred by failing to properly evaluate his subjective complaints regarding his migraine headaches. Second, he claims the ALJ erred by failing to address the decision of the Department of Veterans Affairs that the Plaintiff was entitled to a 30% compensation rating for migraine headaches. For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED** for the calculation of benefits.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson,* 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *III. ANALYSIS*

A.  Plaintiff's migraine headaches, **and related VA 30% disability rating.**

Plaintiff asserts that the ALJ erred in evaluating his pain due to migraine headaches; he contends that the ALJ failed to provide adequate and specific reasons for discrediting his complaints. Plaintiff also contends that the ALJ erred by failing to give any weight to the 30% disability rating that the Veterans Administration assigned to Plaintiff for migraine headaches. Plaintiff contends that the medical evidence showed that he had been found 30% disabled by the Veterans Administration prior to his date of last insured and the VA failed to credit the rating.

Migraine headaches and the resulting pain are non-exertional impairments. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*,

957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The Plaintiff testified during his initial hearing in July 1997 that he had migraine headaches two to three times per week. R. 83. He testified that the headaches knocked him out for fourteen to sixteen hours. R. 83. On November 6, 1995, the Plaintiff's psychiatrist noted that the Plaintiff was talking Fiorinol for headaches. R. 310. Dr. Davidson noted that Plaintiff's past medical history was positive for migraine headaches in 1995 and 1996. R. 356, 361. In medical records of his primary care doctor in 2003, he advised he had had migraines since 1984, occurring about once per week. R. 410.

> In discussing Plaintiff's impairments, the ALJ found:
>
> Lastly, as to the claimant's physical condition during the period at issue, the record also indicates that care was sought though the Department of Veteran's Affairs (the VA). *On discharge from the military, the claimant was assigned a 40-percent disability rating, attributed to his right wrist problems and complaints of chronic headaches.* A suggestion of deep venous thrombosis was made in 1995/1996, and the claimant was placed on Coumadin as a result. This was apparently beneficial (Prior Decision).

R. 24 (emphasis added). Presumably, the quoted information was taken from the "Prior Decision," *i.e.*, the December 1997 decision which is inexplicably not part of the record before the Court,

although the ALJ had access to it, since he quoted from it. The "Prior Decision" clearly relied on medical records indicating that Plaintiff had been treated at the VA, that he had a "40-percent disability rating" attributed to his right wrist problems, and that he had "chronic headaches" as of his "discharge from the military" which Plaintiff has indicated (in forms on file with SSA) was in 1984. R. 234. At the 1997 hearing, when asked by Plaintiff's counsel, the VE testified that considering Plaintiff's testimony that he had serious migraine headaches, there was no work Plaintiff could do. R. 106.

Plaintiff responded in SSA forms in November 2002 that he suffered from many impairments including "migraines two to three times a month." R. 260. Subsequent evidence also reported that Plaintiff continued to suffer from migraines prior to the second hearing in November 2006 (which was focused on whether Plaintiff was disabled prior to 1998). In February 2005, Plaintiff was seen in the VA emergency room with complaints of headaches. R. 533. It was noted at that time that Plaintiff was receiving a 30% disability rating for migraines through the VA. R. 533.

The Commissioner does not dispute that the record contains references to a 30% VA disability rating for Plaintiff's migraines, but argues that the ALJ did "discuss" the rating, and that "absolutely no medical evidence during the relevant period on or before September 30, 1998, supports [the proposition] that Plaintiff had any limitations from migraine headaches." Doc. No. 24 at 14. The ALJ merely mentioned that Plaintiff had received a VA disability rating for two conditions, one of which was "complaints of chronic headaches." R. 24. The ALJ mentions the chronic headaches a second time in discussing Plaintiff's residual functional capacity: "At the July 11, 1997 hearing the claimant also testified as to having chronic headaches. His medications were reportedly effective only 75-percent of the time and he also reported having related side effects from these medications." R. 26.

In finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "not entirely credible," the ALJ stated that the "benefit of the doubt has been offered the claimant with regard to the severity of his chronic headaches" but the condition was "never supported by objective medical evidence." R. 27.

In support of the ALJ's finding, the Commissioner argues that "not a single report during the relevant period on or before September 30, 1998 indicates a diagnosis of migraines." R. 305-76. Even though the ALJ states – from the Prior Decision – that Plaintiff has been rated partially disabled for chronic headaches, the Commissioner argues that the administrative record "does not document or otherwise confirm" an award of disability benefits to Plaintiff by the VA before September 1998; thus, Plaintiff did not meet his burden of providing proof of the existence of a disability determination by the VA. At this point in 2009, it is difficult to discern what was documented twelve years ago in the administrative record at the time of the 1997 Decision because the record was lost and the reconstructed record does not contain the VA's pre-2001 records. Clearly the VA's pre-1997 disability rating was a part of the administrative record because the ALJ cited it in the Prior Decision. Plaintiff testified in the 2006 hearing that his memory of his precise impairments from 1997-98 (eight to nine years prior) was weak but he did remember receiving medical treatment during that period in the military and by the VA.

At his previous 1997 hearing (contemporaneous with the critical period at issue in this case), Plaintiff described the treatment he received when the migraines were not treatable with his regular medication: "When I have migraine headaches, lights hurt my eyes, noise. It has to be quiet and dark. I take pain medication for it and if that doesn't work, then I go to Bay Pines, have them inject me with, I think it's [INAUDIBLE], I'm not sure." R. 83. Plaintiff's medical records from the Veteran's

Administration indicate that the "Bay Pines" facility is a Veterans' Administration Medical Center. R. 437-1048.

After re-reviewing the record in 2006, and realizing that VA records were missing from before 2001 (particularly from 1997 to 1998), in order to formulate the decision, the ALJ should have sought further information regarding the VA's disability rating. The record does contain a subsequent VA rating decision that as of April 2004, Plaintiff's knees were assessed at a 10% rating for each knee; the 2004 VA decision clearly states Plaintiff's previous 30% disability rating for migraine headaches was "unchanged." R. 65-66. In the November 21, 2006 decision The ALJ does not discuss the 2004 VA disability ratings (or continuation of ratings) at all. The Commissioner contends that the ALJ did not err by failing to discuss the 2004 notification because it is "wholly inconsistent with the evidence of record during or before September 30, 1998," in other words, the Commissioner argues, there were no medical records to support the migraine headaches. Doc. No. 24 at 15.

The ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988), or in this case to fully and fairly "reconstruct" the record. The ALJ represented that "the file(s) has been reconstructed and consolidated," yet there are no medical records from the Veteran's Administration Medical Center collected prior to 2001 (*see* R. 437-1048)[5]. Under the unusual facts of this fifteen year old case – where the Commissioner was responsible for the lost record as well as charged with the proper "reconstruction of the record" and the VA disability rating was *clearly* part of the lost record having been included in the ALJ's 1997 decision – the ALJ had a heightened duty to properly develop the record. The medical records from 1994 to 2001 were not properly "reconstructed," with such a significant and critical portion of the record missing. The

---

[5] The exception is a two-page Electromyograph Report dated May 10, 2000 report (R. 368-69) received by SSA on December 23, 2002 in conjunction with the orthopaedist's records. R. 376.

failure to collect and properly "reconstruct" the record, under the circumstances of this unusual case, cannot be visited on Plaintiff where the ALJ himself acknowledged that the prior decision contained information on Plaintiff's 40% disability rating on discharge from the military. As such the ALJ's decision was not based on substantial evidence.

Although the regulations provide that a disability determination by another agency is not binding on the Social Security Administration (20 C.F.R. § 404.1504), the Eleventh Circuit's case law is clear that "[a]lthough the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (citing *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981) and *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). In a case where the ALJ rejected a plaintiff's disability rating because the VA disability criteria differ from the Commissioner's, this Court held that the ALJ erred in failing to accord the VA's rating great weight as required by case law, and remand would be warranted for application of the proper legal standard. *Hogard v. Sullivan*, 733 F.Supp. 1465, 1469 (M.D. Fla. 1990) (reversed and remanded for award of benefits on other issues).

The Supreme Court has said, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits and the Council's review is similarly broad." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citation omitted). Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings. *See Baca v. Department of Health & Human Servs.,* 5 F.3d 476, 479-80 (10th Cir. 1993). Even though the Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material

issues;" this duty exists even when the claimant is represented by counsel. *Id.* In *Baca,* the plaintiff had received a 50% disability rating from the VA based upon ear and joint disease, and he made an application to the SSA for disability benefits based upon arthritis and heart disease. *Id.* at 478. The VA had been evaluating the plaintiff for disability for many years before the expiration of his insured status, and although later records were provided, the plaintiff's VA records for the relevant period were not available at the hearing before the ALJ. *Id.* at 480. The appellate court remanded the case, ordering the Commissioner to make every reasonable effort to obtain the VA records and to consider the VA disability rating for the relevant period. *Id.*

In *Weers v. Barnhart*, the only evidence of the plaintiff's VA disability rating before the ALJ was plaintiff's own testimony that he had received a 100% disability rating from the VA and was receiving benefits. 2002 WL 69512, *2 (D. Kan. Jan. 15, 2002). In his decision, the ALJ made no reference to the VA disability rating (other than plaintiff's testimony) but did not discuss what weight or consideration, if any, he gave to such evidence. *Id.* at *4. As in this case, the ALJ did not have any of the findings or evaluations upon which the VA based its pre-1997 rating and the only VA records considered by the ALJ were medical treatment records like those of other health care providers that did not provide a disability rating or disability evaluation. *Id.* at *5. As such, it should have been obvious to the ALJ that the relevant VA records were missing from the record; because the ALJ was aware that the plaintiff claimed a 100% VA disability rating yet failed to obtain the missing VA records, the district court remanded the case for the ALJ to obtain the relevant VA disability records. *Id.* at *6.

Similarly, in this case, although the ALJ noted "care was sought" from the VA and the VA records available prior to the ALJ's 1997 decision indicated the VA had assigned Plaintiff a 40-percent disability rating "on discharge from the military" in 1984 partly because of his complaints of

chronic headaches (R. 24), the ALJ failed to retrieve the VA records from the time period of 1984 to 2001. Even in the face of further evidence in a 2004 VA disability rating that Plaintiff's previous 30% rating for migraines was "unchanged" from prior VA rulings, the ALJ failed to obtain Plaintiff's pre-2001 medical or disability rating records from the VA and failed to adequately explain why he rejected the VA's long-standing 30% disability rating for Plaintiff's chronic headaches.

In this case, although the ALJ is required to accord great weight to the VA's disability rating, and there were indications that the 30% disability rating had been assessed since 1984 in VA records which the ALJ referred to in his own Prior 1997 Decision and confirmed in a 2004 VA disability update, the ALJ gave no weight to the VA's 30% rating for Plaintiff's migraines. Accordingly, the ALJ's decision is not consistent with the requirements of law and is not supported by substantial evidence.

### B. Remand for benefits

It has taken this case fifteen years to reach this Court. Because the file was lost, the Commissioner filed a motion for voluntary remand on July 10, 1999, and the Court granted the motion pursuant to sentence six of section 205(g) of the Social Security Act, remanding the case[6] on August 9, 2000. The Appeals Council then waited nearly four full years after the case was remanded, until May 10, 2004, before vacating the seven-year-old decision from December 19, 1997, and remanding the claim to have the file reconstructed, to offer the claimant a *de novo* hearing, and to allow the claimant to develop the record. R. 62. Two more years dragged on while Plaintiff waited for a new

---

[6] Sentence six of 42 U.S.C. § 405(g) provides, in pertinent part, "The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner." 42 U.S.C. § 405(g). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Jackson*, 99 F.3d at 1095. Therefore, this appeal should have been reopened in the *original case* (Case No. 8:99-cv-2013-T-25A). Instead, the appeal was given a new case number and reassigned to a different judge (then reassigned from Judge Scriven's docket when she was elevated to District Judge).

-13-

hearing, which was not held until November 11, 2006. After the hearing, and despite having just received 612 pages of medical records[7] to review, the ALJ issued his opinion after a mere seven business days, on November 21, 2006. R. 20-28.

Nearly fifteen years have now passed since the time Plaintiff alleges that he first became unable to work in 1994 due to his disabilities. In a number of other lengthy-delay cases, courts have determined that equitable considerations outweighed the need for further administrative adjudication, whether because of the futility of further administrative proceedings with repeated remands, the failure of the agency to follow the court's remand instructions, the Commissioner's failure to carry his burden of proof, the existence of extraordinary delay, or a combination of these factors. 2 Barbara Samuels, SOCIAL SECURITY DISABILITY CLAIMS: PRACTICE AND PROCEDURE § 19:59 (2d ed 2008); *see McClain v. Barnhart*, 299 F. Supp. 2d 309, 94 Soc. Sec. Rep. Serv. 136 (S.D. N.Y. 2004) (in light of the nine year adjudicatory delay in case, claim would be remanded for calculation of benefits where the record contained compelling evidence of claimant's disability and where the Commissioner had twice failed to marshal substantial evidence to support his finding to the contrary); *Huhta v. Barnhart*, 328 F. Supp. 2d 377, 99 Soc. Sec. Rep. Serv. 373 (W.D. N.Y. 2004) (remand solely for calculation of benefits was warranted where Commissioner failed to show that claimant could perform other work and nine years had elapsed since claimant filed his first application).

In *Frazee v. Barnhart*, the district court ordered a remand with benefits where "in typical circumstances, the court would remand this case for further analysis of the effect of plaintiff's IQ scores on his RFC and his ability to perform work in the national economy" but the "ALJ has had two chances to conduct a proper determination" and had failed to do so in a case that had been pending

---

[7] Plaintiff's counsel submitted 612 pages of medical records from Bay Pines Veterans Administration Medical Center from August 1, 2001 to October 28, 2005. R. 437-1048; R. 1051 (hearing where records received).

-14-

almost ten years. 259 F. Supp.2d 1182, 1202-03 (D. Kan. 2003) (citing, *e.g.*, *Wilder v. Apfel*, 153 F.3d 799, 801 (7th Cir. 1998) (after eight years, time "to bring the charade to an end") and *Sisco v. United States Dep't of HHS*, 10 F.3d 739, 746 (10th Cir. 1993) (remanding for award of benefits; Social Security Administration not entitled to adjudicate case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion)); *see Epling v. Commissioner of Social Security*, 2009 WL 635788, 30 (M.D. Fla. 2009) (remanding for benefits based on the twenty-two year history of the case and prior remands with analysis that had not been followed, finding a remand for a new credibility determination "would be inequitable and unjust" to the plaintiff).

Although the proper remedy for errors is generally not an automatic award of benefits, but rather a remand for further proceedings, the Commissioner does not receive "endless opportunities to get it right." *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001) (citing *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996). "Some circuit courts have exercised . . . a form of equitable power to order benefits in cases where the entitlement is not totally clear, but the delay involved in repeated remands has become unconscionable." *Seavey*, 276 F.3d at 13 (citing *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (remanding for payment of benefits in light of "substantial evidence" of a severe mental disability and "considerable inexplicable delays" resulting in passage of ten years since application)). In *Wilder v. Apfel, adverted to above*, the Seventh Circuit ordered a remand for benefits where the court found the ALJ had ignored the appellate court's prior discussion of the evidence and rejected it, and the Commissioner had argued against the court's previous analysis of the medical evidence as "dicta." 153 F.3d 799, 803-04 (7th Cir. 1998). "Given the obduracy evidenced by the action of the administrative agency on remand, we remand the case to the agency with directions that the application for benefits be granted" in order "to bring the charade to an end." *Id*. at 801, 804.

In *Rohan v. Barnhart,* over the course of eleven years, the plaintiff had three hearings before an ALJ, three petitions to the Appeals Council, three appeals to the district court, two concessions by the Commissioner that ALJ decisions were inadequate, and one appeal to the court of appeals. 306 F.Supp.2d 756, 770-71 (N.D. Ill. 2004). The delays in the case were caused by "deficiencies that were not attributable to plaintiff's error" and a remand would have required the case to go to a third ALJ, which would have delayed the case for yet another year or more because the ALJ would have to review the 655 page record and possibly conduct a new hearing in order to make credibility determinations. *Id*. The court found "such delay unconscionable"– "Plaintiff need not 'wait with the patience of Job for yet another remand.'" *Id*. (quoting *Smith v. Califano*, 637 F.2d 968, 973 n. 1 (3d Cir. 1981)). "'Where further administrative proceedings would simply prolong [plaintiff's] waiting and delay his ultimate receipt of benefits, reversal is especially appropriate.'" *Id*. (quoting *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir.1984)).

Here, Plaintiff served in the army for twenty years, from 1964 to 1984. R. 234. As the ALJ quotes from his Prior 1997 Decision, Plaintiff was found to be 30% disabled by the VA on his discharge from the military in 1984. R. 24. Plaintiff's subsequent submissions also confirm the earlier VA disability rating. R. 65-66. Plaintiff testified at the 1997 hearing (one year before his DLI expired) that he suffered from migraine headaches two to three times per week, and the headaches knocked him out for fourteen to sixteen hours. R. 83. At the 1997 hearing, the VE testified that considering Plaintiff's serious migraine headaches, there was no work Plaintiff could do. R. 106. Medical records to support the VA disability rating for migraines are not in the file because the Commissioner failed to reconstruct the file properly. In the 612 pages of post-2001 VA records that Plaintiff's counsel provided at the 2006 hearing, there are dozens of references to his history of migraine headaches and his service connected disability rating, which was eventually reevaluated and

increased to 90% by that time. R. 169-70, 172, 460, 476, 517-19, 530-40, 562-63, 599, 666, 679, 681, 688, 759, 856.

The bulk of the delays in this case were caused by or are attributable to the SSA. The Appeals Council inexplicably waited *four years* to remand the file to the ALJ after SSA lost the file and requested remand from the Court. Once the file was in the ALJ's hands, he waited another *two years* and ultimately failed to properly "reconstruct" it as directed by the Appeals Council. R. 62. Instead, he sent a letter to Plaintiff's then-counsel asking for counsel's copy of the 1997 decision. R. 39. The ALJ purportedly sent counsel, at his request, all of the "evidence prior to 2001." R. 39. On this particular record, the "deficiencies" in the record – the most glaring one being the missing VA medical records from the applicable period – are "not attributable to plaintiff's error." Yet another remand will require the case to go back to an ALJ for a *third time* and cause further delay. The **fifteen-year** delay Plaintiff has experienced thus far is "unconscionable." As the court said in *Rohan,* "Plaintiff need not 'wait with the patience of Job for yet another remand." 306 F.Supp.2d at 71. Further administrative proceedings at this point will simply prolong his waiting and delay his ultimate receipt of benefits. Remand to the Commissioner for further fact-finding fifteen years after Plaintiff's alleged onset date and twelve years after his date of last insured expired is unnecessary because the SSA is responsible for the lost VA medical records that supported the 30% disability rating for Plaintiff's migraine headaches. Plaintiff's testimony of his impairments from the headaches, and the VE's testimony that he could perform no work with those impairments sufficiently establishes that Plaintiff was disabled at the time of the hearing in July 1997.

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405 (g), and **REMANDED** for calculation of

benefits to Plaintiff as of July 1997. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record